THE ATTORNEY GENERAL
OF TEXAS



GROVER SELLERS
Attorney General

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mrs. Moore:                    Opinion No. O-6671

                                    Re: Authority of owner
                                    ⌐   or manager of res-
                                        taurant or cafe to
                                        deduct "walkout
                                        slips" from waitress'
                                        pay check.

        Your request this department's opinion on
the following fact situation:

        "It has been called to our attention that
    several cafes and restaurants throughout the
    state are holding their employees liable for
    non-payment of customers checks - i. e.  The
    waitress serves a customer his food and gives
    the customer his guest check, but the customer
    instead of going to the cashier and paying same
    simply walks out.

        "Under Articles 5155 et seq., Revised
    Civil Statutes, makes it the duty of each em-
    ployer to pay its employee the wages arranged
    by him or her as often as semi-monthly.

        "Under the law can the owner or manager
    of the testaurant or cafe deduct these walkout
    slips from the waitress' pay check?

        The Texas Semi-Monthly Pay Day Law, Articles
5155, et seq., V.A.C.S., 1925, as amended, requires,
among others, a mercantile establishment or any corpora-
tion "employing one or more persons . . . . to pay each

of its employees the wages earned by him or her as often as semi-monthly" and provides that those employers "wilfully failing or refusing to pay the wages of any employee at the time and in the manner provided in this Statute shall forfeit to the State of Texas the sum of Fifty ($50.00) Dollars for each and every such failure or refusal". (Article 5157)

A restaurant or cafe has been construed to be a mercantile establishment. Craig v. Bourdouris, 241 Ill. App. 329.

No citation of authority is necessary to sustain our opinion that the phrase "wages earned by employee" means the agreed or contract price promised by the employer to pay the employee. It means the entire sum.

Provision for forfeiture or deduction, if reasonable, are binding upon the employee. "The validity of provisions for deductions or forfeitures depends upon their reasonableness. If unreasonable or oppressive, they will not be enforced." 39 C. J. 163, Sec. 223. "Deductions from an employee's wages may be made to cover losses occasioned by his negligence or want of skill, but not for losses due to causes over which the employee may not, however, be penalized for violation of a rule which he does not know of and which he has not contracted to observe." 35 Am. Jur. 503, Sec. 228. "A provision in a contract of employment that wages shall be forfeited in whole or in part for a violation of rules is, in the absence of statute, valid and enforceable. 35 Am. Jur. 504. Texas has no statute regulation such matters in contracts of employment.

In view of the foregoing general rules of law, we are of the opinion that an employer and a waitress employee may enter into a valid contract whereby the employer is authorized to deduct from her salary or wages the amount represented by customers' checks issued by her and not paid. In the absence of such contract, the waitress would not be liable for such checks, and the amount thereof could not be deducted from her wages or salary.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 7 1946

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL
ALM:ms

/s/ Arthur L. Moller
Assistant

This opinion
considered and
approved in
limited
conference